[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15614
Non-Argument Calendar

_____

D.C. Docket No. 6:15-cr-00052-GAP-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN EVERETT JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 18, 2016)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

In this case, after Johnathan Everett Johnson was indicted for two offenses:

Count One, possession of a firearm after being convicted of a felony, in violation

of 18 U.S.C. § 922(g)(1), and Count Two, possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), the Government filed a notice of maximum penalty indicating that it would seek a sentence enhancement for the Count One offense under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The ACCA provides that if a convicted felon has "three previous convictions . . . for a violent felony or a serious drug offense, or both," he faces a minimum of 15 years' imprisonment. *Id.* § 924(e)(1). The Government's notice stated that Johnson had a 1994 Florida conviction for armed robbery, a 1999 Florida conviction for selling cocaine, a 2007 federal conviction for bank fraud, and a 2007 federal conviction for conspiracy to possess with intent to distribute cocaine and for using and carrying a firearm in relation to a drug trafficking offense.

Johnson pled guilty to both counts of the indictment.[1] At sentencing, he objected to the ACCA enhancement on the ground that the ACCA's definition of "serious drug offense," 18 U.S.C. § 924(e)(2)(A), was unconstitutionally vague because it relied on the maximum sentence prescribed for a particular drug offense rather than on the drug quantity or type of drug involved in the offense. Hence, the District Court erred in treating his 1999 Florida conviction for selling cocaine as a serious drug offense under the ACCA, a second-degree felony punishable by a

---

[1] Johnson pled guilty without a plea agreement.

2

term of imprisonment of 15 years.  He did not dispute, though, that his 1994

conviction for armed robbery and his 2007 conviction for conspiracy to possess

with intent to distribute qualified as predicate convictions for an ACCA

enhancement.

The District Court overruled Johnson's objection, concluding that the ACCA

applied, and sentenced him on Count One to a prison term of 15 years.[2]  He

appeals the sentence, presenting the same constitutional argument he presented to

the District Court.  We affirm.

The ACCA, in § 924(e)(2)(A)(ii), defines "serious drug offense" as "an

offense under State law, involving manufacturing, distributing, or possessing with

intent to manufacture or distribute, a controlled substance . . . , for which a

maximum term of imprisonment of ten years or more is prescribed by law."

§ 924(e)(2)(A)(ii).  In *United States v. Rodriquez*, in discussing the propriety of

§ 924(e)(2)(A)(ii), the Supreme Court stated that Congress's choice "to rely on the

'maximum term of imprisonment . . . prescribed' by state law as the measure of the

seriousness of state offenses involving the manufacture, distribution, or possession

of illegal drugs" demonstrated that Congress was deferring to state lawmakers'

judgment that an offense punishable by ten years' imprisonment is sufficiently

"serious."  553 U.S. 377, 387-88 (2008).  Johnson's 1999 Florida conviction for

---

[2]  The applicable sentence range under the Sentencing Guidelines was 188 to 235
months' imprisonment.

selling cocaine was punishable by a maximum sentence of 15 years, *see* Fla. Stat. §§ 775.082(3)(d),893.13(1)(a)(1)(1999), and thus, by definition, qualified for sentence enhancement.

> Johnson argues that although the
>
> "10 year or greater maximum penalty for a 'serious drug offense' appears to create a bright line rule that should be easy to follow, [it] unjustly punishes those based upon the happenstance of where they committed their offense(s) and the 10 years is not linked in any way to the circumstances of the offense or the quantity of the drug involved in the crime.  In its essence, this law creates what could be called a reverse vagueness problem and is overly broad."

Appellant's Br. at 10.  In short, Johnson argues that his sentence should be set aside because, depending on the circumstances surrounding the prior drug conviction, the definition fails to provide a person with adequate notice that the conviction could be used to enhance a sentence under the ACCA.  Put another way, no ordinary, reasonable person reading the statutory words, "serious drug offense," would understand precisely what conduct constitutes such offense especially since the drug-related conduct that might invoke a sentence of 10 years or greater varies from state to state.

The Fifth Amendment provides that "no person shall . . . be deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.   Due process encompasses the concepts of notice and fair warning.  At its core, "the . . . principle is that no man shall be held criminally responsible for conduct which he

4

could not reasonably understand to be proscribed." *United States v. Lanier,* 520 U.S. 259, 265, 117 S.Ct. 1219, 1225, 137 L.Ed.2d 432 (1997) (quoting *Bouie v. City of Columbia,* 378 U.S. 347, 351, 84 S.Ct. 1697, 1701, 12 L.Ed.2d 894 (1964)). *Bankshot Billiards, Inc. v. City of Ocala*, 634 F.3d 1340, 1349 (11th Cir. 2011).

Vagueness, the *sine qua non* of Johnson argument, "is a "related manifestation[ ] of the fair warning requirement." *Lanier,* at 266, 117 S. Ct. at 1225. The question here is whether the ACCA, read as whole, gave Johnson fair notice---at the time he committed the Count One § 922(g)(1) offense---that his 1999 Florida cocaine conviction would qualify as a "serious drug offense" and, coupled with his other previous offenses, would likely subject him to an enhanced sentence.

We conclude that the challenged definition gave Johnson the fair notice due process required, that the 1999 Florida conviction was a serious drug offense. The conviction fell clearly within the definition. We do not determine whether or not treating some other drug conviction from Florida or another state as a "serious drug conviction" would deny an accused due process. Our focus is only on this case and a specific Florida conviction.

AFFIRMED.[3]

---

[3] Johnson's brief raises constitutional issues not presented to the District Court. We consider them abandoned. *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).